UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 9/11/06*

| | |
|---|---|
| In re THORATEC CORP. SECURITIES LITIGATION | ) Master File No. 5:04-cv-03168-RMW ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To: ALL ACTIONS. | ) ORDER PRELIMINARILY ) APPROVING SETTLEMENT AND ) PROVIDING FOR NOTICE ) |

1    WHEREAS, a consolidated class action is pending before this Court entitled *In re Thoratec Corp. Securities Litigation*, Master File No. 5:04-cv-03168-RMW (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of August 8, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class defined as all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased Thoratec's Publicly Traded Securities during the period April 28, 2004 to June 29, 2004.  Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which any Defendant has or had a controlling interest, present or former directors and officers of Thoratec, and the legal representatives, heirs, successors, or assigns of any such Defendant.

3.    The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representative are typical of the claims of the Class he seeks to represent; (d) the Lead Plaintiff has and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only

individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiff Craig Toby is certified as the class representative.

5. A hearing (the "Settlement Hearing") shall be held before this Court on 11/17, 2006, at 9:00 a.m., at the United States District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Lead Counsel are hereby authorized to retain the firm of RSM McGladrey ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than 9/22, 2006 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

1         (b)    Not later than __10/2_____, 2006 the Claims Administrator shall cause the

2 Summary Notice to be published once in *Investor's Business Daily*; and

3         (c)    At least seven (7) days prior to the Settlement Hearing, Lead Counsel shall

4 serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such

5 mailing and publishing.

6     8.    Nominees who purchased Thoratec's Publicly Traded Securities during the period

7 beginning April 28, 2004 to June 29, 2004 for the beneficial ownership of another Person shall send

8 the Notice and the Proof of Claim to such beneficial owners of such Thoratec's Publicly Traded

9 Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such

10 beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event

11 the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial

12 owners.

13     9.    All Members of the Class shall be bound by all determinations and judgments in the

14 Litigation concerning the settlement, whether favorable or unfavorable to the Class.

15     10.    Class Members who wish to participate in the settlement shall complete and submit

16 Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders

17 otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice

18 Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for,

19 shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless

20 otherwise ordered by the Court, but shall nevertheless be bound by any Final Judgment entered by

21 the Court.

22     11.    Any Member of the Class may enter an appearance in the Litigation, at his, her or its

23 own expense, individually or through counsel of their own choice.  If they do not enter an

24 appearance, they will be represented by Lead Counsel.

25     12.    Pending final determination of whether the settlement should be approved, neither the

26 Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall

27 commence or prosecute against any of the Released Parties, any action or proceeding in any court or

28 tribunal asserting any of the Released Claims.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE - 5:04-cv-03168-RMW - 3 -

1      13.     Any Person falling within the definition of the Class may, upon request, be excluded
2  from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion
3  ("Request for Exclusion"), postmarked no later than   10/23        , 2006.  A Request for Exclusion
4  must be signed and state: (a) the name, address, and telephone number of the Person requesting
5  exclusion; (b) the Person's purchases and sales of Thoratec's Publicly Traded Securities made during
6  the Class Period, including the dates, the number of shares purchased, and price paid or received for
7  each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All
8  Persons who submit valid and timely Requests for Exclusion in the manner set forth in this
9  paragraph shall have no rights under the Stipulation, shall not share in the distribution of the
10 Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

11     14.     Any Member of the Class may appear and show cause, if he, she or it has any reason
12 why the proposed settlement of the Litigation should not be approved as fair, reasonable and
13 adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not
14 be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead
15 Plaintiff or why Lead Plaintiff's expenses (including lost wages) should not be awarded; provided,
16 however, that no Class Member or any other Person shall be heard or entitled to contest the approval
17 of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered
18 thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and
19 expenses to be awarded to counsel for the Lead Plaintiff unless that Person has served on the
20 following counsel (delivered by hand or sent by first class mail) written objections and copies of any
21 papers and briefs in support thereof on or before   10/23    , 2006: Lerach Coughlin Stoia Geller
22 Rudman & Robbins LLP, Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, California
23 92101; Federman & Sherwood, William B. Federman, 120 North Robinson, Suite 2720, Oklahoma
24 City, Oklahoma 73102 and Gibson, Dunn & Crutcher LLP, Jonathan C. Dickey, 1881 Page Mill
25 Road, Palo Alto, California 94304, and filed said objections, papers and briefs with the Clerk of the
26 United States District Court for the Northern District of California, San Jose Division on or before
27   10/23       , 2006.  Any objection must contain a written notice of the grounds for opposing the
28 settlement, Plan of Allocation, application for attorneys' fees and costs and expenses or Lead

1 Plaintiff's expenses and must demonstrate the objecting Person's membership in the Class by including: (a) the objecting Person's name, address and telephone number; (b) formal proof of the number of shares of Thoratec common stock, and/or the number of Put or Call Options purchased and sold during the Class Period by the objecting Person; and (c) a statement of the reasons for objection. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to counsel for the Plaintiffs and Lead Plaintiff's expenses, unless otherwise ordered by the Court.

15. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or counsel to the Lead Plaintiff shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses shall be filed with the Court and served at least seven (7) days prior to the Settlement Hearing.

18. Neither Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

20. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of his counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for such reasonable expenses.

21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:  9/8/06                           /s/ Ronald M. Whyte
                                         THE HONORABLE RONALD M. WHYTE
                                         UNITED STATES DISTRICT JUDGE

Submitted by,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
BING Z. RYAN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JEFFREY D. LIGHT
BRIAN O. O'MARA


_____
JEFFREY D. LIGHT

|   |   |
|---|---|
| 1 |   |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058 |
| 3 | 619/231-7423 (fax) |
| 4 | FEDERMAN & SHERWOOD<br>WILLIAM B. FEDERMAN |
| 5 |   |
| 6 | /s/ William B. Federman |
| 7 | WILLIAM B. FEDERMAN |
| 8 | 120 N. Robinson, Suite 2720<br>Oklahoma City, OK 73102 |
| 9 | Telephone: 405/235-1560<br>405/239-2112 (fax) |
| 10 |   |
|   | Co-Lead Counsel for Plaintiffs |
| 11 | C:\DOCUME~1\adrianad\LOCALS~1\Temp\MetaSave\Prelim Order.doc |

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

    s/ BRIAN O. O'MARA
BRIAN O. O'MARA

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:jeffl@lerachlaw.com

# Mailing Information for a Case 5:04-cv-03168-RMW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter A. Binkow**
  pbinkow@glancylaw.com info@glancylaw.com

- **Connie M. Cheung**
  conniec@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;KiyokoH@lerachlaw.com

- **Paul J. Collins**
  pcollins@gibsondunn.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **William B. Federman**
  wfederman@aol.com law@federmanlaw.com;ngb@federmanlaw.com

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Robert S. Green**
  RSG@CLASSCOUNSEL.COM CAND.USCOURTS@CLASSCOUNSEL.COM

- **Jeffrey W. Lawrence**
  jeffreyl@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Mel E. Lifshitz**
  lifshitz@bernlieb.com

- **Darren J. Robbins**

- **Bing Ryan**
  bingr@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Michael B. Smith**
  mbsmith@gibsondunn.com msawyier@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Jack G. Fruchter
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 2805
New York, NY 10119

Paul J. Geller
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
197 S. Federal Highway
Suite 200
Boca Raton, FL 33432

Richard A. Maniskas
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

Tamara Skvirsky
Schiffrin & Barroway LLP
280 King of Prussia Road
Radnor, PA 19087

Jonathan M. Stein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
197 S. Federal Highway
Suite 200
Boca Raton, FL 33432

Marc A. Topaz
Schiffrin & Barroway. LLP
280 King of Prussia Road
Radnor, PA 19087